UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-02814

**Alan David Quiroz Carmona,**
*Petitioner,*
v.
**Charlotte Collins, et al.,**
*Respondents.*

## ORDER

Alan David Quiroz Carmona is a native and citizen of Mexico currently being detained by Respondents pending removal proceedings pursuant to 8 U.S.C. § 1225(b)(2). He filed a petition for writ of habeas corpus demanding his immediate release or an individualized bond hearing. Because his detention is lawful, his petition is denied.

## BACKGROUND

Petitioner last entered the United States without inspection on or about February 27, 1995. Petitioner applied for and received protection under the Deferred Action for Childhood Arrivals ("DACA") program, but never reapplied. Petitioner's DACA and work authorization status expired on April 29, 2026. In early September 2026, local law enforcement detained Petitioner based on an outstanding criminal warrant for Petitioner for driving while intoxicated with a child under fifteen. Petitioner was then placed into federal custody and transferred to the T. Don Hutto Detention Center in Taylor, Texas.

On October 5, 2026, Petitioner filed a petition for a writ of habeas corpus contesting his detention and seeking immediate release or an individualized bond hearing. The Court

ordered Respondents to show cause why the writ should not be granted. Respondents answered, and the Court now addresses the petition.

## LEGAL STANDARD

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner, challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming section 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a challenge to a final order of removal, which Congress has channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). The petitioner bears the burden of demonstrating that the challenged custody is unlawful, and the Court must "summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## ANALYSIS

Petitioner asserts that his pre-removal detention is unlawful because it violates due process, the Administrative

Procedure Act (APA), the Immigration and Nationality Act (INA), the Suspension Clause, the *Accardi* doctrine, and equal protection. His arguments, however, fail.

Petitioner's lead argument is that his detention without a bail hearing violates both procedural and substantive due process. But the Fifth Circuit has rejected both arguments, holding that "due process does not entitle [Petitioner] to additional proceedings beyond what Congress has provided," and that an alien "ha[s] no substantive due process right to freedom from custody pending removal proceedings." *Sosnava Rodriguez v. Vergara*, __ F.4th __, 2026 WL 3181188, at *11, 12 (5th Cir. Oct. 23, 2026) (en banc). Because Congress expressly authorized detention of an alien "'for a [removal] proceeding'" without an individualized bond hearing, *id.* at *3 (quoting 8 U.S.C. § 1225(b)), Petitioner's due process claim thus fails, *id* at *7.

To the extent Petitioner argues that his detention nonetheless violates due process because it is prolonged or indefinite, that argument fails too. "So long as an alien's detention pending removal 'has a definite termination point'—removal or release—his or her continued confinement without bond hearing does not offend due process." *Id.* at *30 (cleaned up). Here, "removal remains a viable prospect," so "continued detention . . . does not violate due process." *Id.* The Due Process Clause therefore does not require granting the writ.

Petitioner's APA, INA, and Suspension Clause arguments fare no better for the reasons set forth in Parts I and III-IV of this Court's decision in *Tapia v. Mullin*, 834 F. Supp. 3d 718 (W.D. Tex. 2026). APA relief is available only when "'there is *no other adequate remedy* in a court[.]'" *Id.* at 726 (quoting 5 U.S.C. § 704). Petitioner's APA claim thus fails because, "[b]y requesting habeas relief[,] . . . Petitioner admits that an adequate remedy exists outside of the APA." *Id*. Petitioner's INA

claim fails because the Fifth Circuit has held that aliens similarly situated to Petitioner are "'seeking admission'" to the United States and thus "subject to [the INA's] mandatory detention command." *Id.* And Petitioner's suspension clause argument is meritless because "detained aliens under section 1225(b)(2)(A) have been challenging, and continue to challenge, the lawfulness of their detention through writs of habeas corpus filed in district courts across the country." *Id.* at 727 (collecting cases).

The *Accardi* doctrine also does not provide a basis for Petitioner's release. Petitioner alleges that ICE violated 8 C.F.R. § 287.8(c)(2) by either failing to obtain an administrative warrant for Petitioner's arrest or by failing to establish that Petitioner was likely to escape before a warrant could be obtained. This, Petitioner argues, renders his detention unlawful under *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 267–78 (1954), where the Supreme Court held that agencies are required to follow their own regulations. But even if his arrest was unlawful, that does not entitle him to the remedy of a writ of habeas corpus. The Supreme Court has held that "[t]he mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding." *I.N.S. v Lopez-Mendoza*, 468 U.S. 1032, 1040 (1984). Put differently, an unlawful arrest does not immunize a person from deportation proceedings or detention as part of those proceedings. Courts have thus denied habeas petitions demanding release based on an allegedly unlawful arrest. *See, e.g.*, *Carnesolta v. Tate*, No. 4:26-cv-01006, 2026 WL 948727, at *4 (S.D. Tex. Apr. 8, 2026) (denying habeas petition raising the *Accardi* doctrine regarding a warrantless arrest and collecting cases); *Kech-Chaf v. Blanche*, No. 1:26-cv-01404 (W.D. Tex. June 30, 2026) (same).

Petitioner's argument that his detention violates his right to equal protection of the laws is likewise meritless. The Fifth

Amendment provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. CONST. amend. V. "The Supreme Court has interpreted the Fifth Amendment to contain an equal protection component[.]" *United States v. Barcenas-Rumualdo*, 53 F.4th 859, 864 (5th Cir. 2022) (quoting *Washington v. Davis*, 426 U.S. 229, 239 (1976)) (cleaned up). "Fifth Amendment equal protection claims against federal actors are analyzed under the same standards as Fourteenth Amendment equal protection claims against state actors." *Chi v. Warden, Bluebonnet Det. Facility*, No. 1:26-cv-067-H, 2026 WL 1062625, at *4 (N.D. Tex. Apr. 13, 2026) (quoting *Butts v. Martin*, 877 F.3d 571, 590 (5th Cir. 2017)). Under those standards, the Government "may pursue legitimate purposes by any means having a conceivable rational relationship to those purposes" if they "do not burden a fundamental right or target a suspect class." *Smith v. Davis*, No. 2:17-cv-0013, 2017 WL 1857442, at *3 (N.D. Tex. Mar. 28, 2017) *report and recommendation adopted*, No. 2:17-cv-13, 2017 WL 1857240 (N.D. Tex. May 5, 2017) (quoting *Stern v. Tarrant County. Hosp. Dist.*, 778 F.2d 1052, 1054 (5th Cir. 1985) (en banc), *cert. denied*, 476 U.S. 1108 (1986)).

Petitioner concedes that Respondents' action here is subject only to rational basis review. Habeas Petition at ¶ 223. Petitioner nonetheless argues that the Government had no rational reason to treat Petitioner differently than other similarly situated unlawful entrants. *Id.* at ¶¶ 229–40. But Petitioner does not dispute that Respondents are currently treating him and similarly situated individuals similarly. They are all being detained without bond under 8 U.S.C. § 1225, which is why Courts have seen a deluge of petitions nearly identical to Petitioner's. Rather, Petitioner's argument is that *previous* administrations gave people like him individualized bond hearings instead of detaining them. That is true so far as it

goes. But it does not make out an equal protection claim because there is a compelling (not merely rational) reason for the different treatment. Namely, this administration is doing what Congress instructed. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026) (explaining that section 1225 "unambiguously provides for mandatory detention"). It is not an equal protection violation for Respondents to start following the law. For the reasons set forth *supra* and in Parts I–V of this Court's decision in *Tapia v. Mullin*, 834 F. Supp. 3d 718 (W.D. Tex. 2026), the Court denies the petition.

Petitioner is also not entitled to an injunction against transfer outside this Court's jurisdiction. Petitioner presents no persuasive reason for the Court to enter an injunction prohibiting his transfer out of this district. *See, e.g.*, *Gonzalez v. Ybarra*, No. 3:25-cv-00656-LS, 2026 WL 93140 (W.D. Tex. Jan. 7, 2026) (denying a request for a temporary restraining order enjoining the petitioner from being transferred from a district). He has provided no reason why his transfer would be unlawful. And as this order explains, his detention is, in fact, lawful. Without a successful claim on the merits, no relief can be had. *See VRC LLC v. City of Dallas*, 460 F.3d 607, 611, 615–16 (5th Cir. 2006) (stating "[t]he party seeking a permanent injunction must . . . establish [] success on the merits[,]" and denying a permanent injunction for failure to prevail on the merits). Petitioner's request for an injunction is denied. *See, e.g.*, *Hernandez v. Collins*, No. 1:26-cv-02242, 2026 WL 2790690, at *2 (W.D. Tex. Sept. 17, 2026) (denying a petitioner's request for an injunction against transfer outside the district).

* * *

The petition for writ of habeas corpus and Petitioner's motion for a preliminary injunction are denied. *See* ECF Nos. 1, 6.

The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

*So ordered by the Court on October 29, 2026.*

ANDREW DAVIS
United States District Judge